**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                                    Case No: 14-37540-BKC-RAM

Q4 PROPERTIES, LLC,                                       Chapter 11

        Debtor

_____/

NE 4TH COURT LOANS, LLC                                   ADV. NO. 15-01169-RAM-A

        Plaintiff

v.

Q4 PROPERTIES LLC
Q5 PROPERTIES LLC

        Defendants,

v.

TOTALBANK

        Third Party Defendant

_____/

### MOTION TO DISMISS DEFENDANT'S, Q4 AND Q5, THIRD PARTY COMPLAINT AGAINST TOTALBANK

Third Party Defendant, Totalbank, hereby files this Motion to Dismiss the Defendant's, Q4 and Q5, Third Party Complaint Against Totalbank, and as grounds states:

**A.      Brief Statement of Facts**

1.      This is a commercial foreclosure action filed by the Plaintiff, NE 4TH Court Loans, LLC ("NE 4TH Court") against Defendants, Q4 Properties LLC ("Q4"), Q5 Properties LLC ("Q5"), et al. on July 16, 2013.

2.    Totalbank was the original lender, owner, and holder of the subject Notes and Mortgages which form the basis of the Complaint.  On March 27, 2013 Totalbank sold the subject Notes and Mortgages to the Plaintiff, NE 4TH Court. The sale of these Notes and Mortgages is undisputed.

3.    Defendants, Q4 and Q5, have now filed a Third Party Complaint against Totalbank for four (4) causes of action: Rescission based on Fraud in the Inducement, Rescission based on Negligent Misrepresentation, Reformation of the Loan Documents, and Equitable Estoppel.

4.    For the reasons outlined below, Q4 and Q5's Third Party Complaint against Totalbank should be dismissed with prejudice.

**B.    Standard on a Motion to Dismiss**

When ruling on a motion to dismiss, the Court must "treat as true all .... of the complaint's well-pleaded allegations, including those that incorporate attachments, and to look no further than the complaint and its attachments." *Morin v. Florida Power & Light Co.*, 963 So. 2d 258, 260 (Fla. 3d 2007).  Whether a complaint is sufficient to state a cause of action is an issue of law.  *Warren ex rel. Brassell v. K-Mart Corp*., 765 So. 2d 235, 236 (Fla. 1st DCA 2000).

**C.    Q4 and Q5 expressly waived any and all claims against Totalbank when it executed the Note and Mortgage Modification, Reaffirmation of Guaranty, and Cross-Default and Cross-Collateralization Agreements**

On August 29, 2008 Q4 and Q5 each executed a Promissory Note and Mortgage and Security Agreement amongst other loan documents.  Thereafter on December 5, 2010, Q4 and Q5 each executed a Note and Mortgage Modification, Reaffirmation of Guaranty, and Cross-Default and Cross-Collateralization Agreement ("Mortgage Modification").  *See,* Third Party Complaint, Composite Ex. A.   Pursuant to the Mortgage Modifications, Q4, Q5, and the guarantor expressly waived any and all claims, demands, or actions against Totalbank.  More specifically the Mortgage

Modifications state:

> **As a material inducement to Lender [Totalbank], Borrower specifically agrees that it has no defense, claim, or offset against its obligation to pay the amounts owed under the Note <u>and Borrower and Guarantor hereby forever waives, releases, and relinquishes any and all claims, demands or actions which it may have which in any way relates to or arises out of the Mortgage, the Note or any other documents executed in connection therewith through the date hereof</u>**. *See*, paragraph 4

In addition, the Mortgage Modifications state:

> In order to induce Lender [Totalbank] to modify the Loan, Borrower and Guarantor further represent, warrant, and acknowledge that: (a) this Agreement and all other Loan Documents constitute valid and binding obligations of Borrower and Guarantor, enforceable against Borrower and Guarantor in accordance with their respective terms. *See*, paragraph 11.

Q4 and Q5's claims as outlined in the Third Party Complaint stem from alleged oral communications by Totalbank to Q4, Q5, and/or the Guarantor that occurred <u>before</u> the Mortgage Modifications were executed.  It is apparent from a review of the Mortgage Modifications that, <u>Q4, Q5 and the Guarantor expressly waived any and all claims it may have had against Totalbank</u>; therefore, Q4 and Q5 should not be permitted to assert any causes of action against Totalbank nor bring Totalbank in as a third party.   After receiving the benefit of the Mortgage Modifications for at least four (4) years, Q4 and Q5 are attempting to circumvent the plain language of the contracts they agreed to and executed.  On their face, the Mortgage Modifications release Totalbank from liability in connection with the loan documents; therefore, the third party complaint against Totalbank should be dismissed with prejudice.  Any amendment to the pleadings will be futile.

**D.      As Totalbank's assignee, NE 4TH Court, has stepped in the shoes of Totalbank; therefore, any recourse that Q4 and Q5 seeks against Totalbank should be sought against NE 4th Court.**

An assignment is a transfer of <u>all</u> the interests and rights to the thing assigned.  *Lauren Kyle Holdings, Inc. v. Heath-Peterson Const. Corp.*, 864 So. 2d 55 (Fla. 5th DCA 2003).  The assignee

thereafter stands in the shoes of the assignor and may enforce the contract against the original obligor in his own name. *Id.* Because an assignment vests in the assignee the right to enforce the contract, an assignor retains no rights to enforce the contract after it has been assigned. *Id.*

On March 27, 2013, Totalbank assigned the Q4 and Q5 Mortgage Modifications to NE 4th Court, without recourse; therefore, NE 4th Court stands in the shoes of Totalbank. Any recourse that Q4 and Q5 is seeking against Totalbank, including reformation of the loan documents (Count III) and equitable estoppel (Count IV) should be sought against NE 4th Court pursuant to the assignments. Therefore, the Third Party Complaint against Totalbank should be dismissed with prejudice.

**E.     Fla. Stat. § 687.0304 prevents any recourse that a borrower may seek against a lender for any alleged oral representations, including rescission of a contract based on fraud in the inducement.**

The underlying facts of Q4 and Q5's Third Party Complaint against Totalbank stem from <u>oral representations</u> that Totalbank allegedly made to Mizrahi (guarantor).[1] Q4 and Q5 claim that they are entitled to recision of the Mortgage Modifications, because Totalbank made certain alleged <u>oral</u> representations to Q4 and Q5 which led Q4 and Q5 to execute a Mortgage Modification. Claims against a lender based on the lender's oral representations are not actionable. Therefore, Q4 and Q5 cannot sustain these causes of actions against Totalbank.

Pursuant to Fla. Stat. § 687.0304 (3), the following actions do not give rise to a claim that a new credit agreement is created: 1) the rendering of financial advice by a creditor to a debtor; 2) the consultation by a creditor with a debtor; or 3) the agreement by a creditor to take certain actions, such as entering into a new credit agreement, forbearing from exercising remedies under prior credit agreements, or extending installments due under prior credit agreements. Furthermore, the Supreme Court of Florida has held that the "statute of frauds may not be avoided by suit for fraud based upon

---

[1]     *See*, Third Party Complaint, Composite Ex. A. ¶¶ 13, 14, 16, 17, 18, 19, 26, 27, 34, 35, 46.

oral representations." *Canell v Arcola Housing Corp.*, 65 So. 2d 849 (Fla. 1953); *See also Puff'N Stuff of Winter Park, Inc. v. Bell*, 683 So. 2d 1176, 1177 (Fla. 5 th DCA 1996) (allowing a claim for fraud in the inducement based on oral representations would effectively repeal Fla. Stat. § 687.0304(2)).

Pursuant to Fla. Stat. § 687.0304 (2), a debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor.  Therefore, absent a written agreement documenting all of those alleged oral representations, coupled with consideration, and signatures by the creditor and debtors, neither Q4 nor Q5 can bring a cause of action against Totalbank.  These alleged oral representations fall squarely within the statute of frauds laid out in Fla. Stat. § 687.0304. Therefore, Count I and II for Rescission based on Fraud in the Inducement and Negligent Misrepresentation should be dismissed with prejudice, as amendments to these causes of action will be futile.

**F.**      **The Parol Evidence Rule prevents the introduction of any evidence regarding any oral representations or agreements**

Interpretation of a contract begins with its plain language.  As a general rule, evidence outside the contract language, which is known as parol evidence, may be considered only when the contract language contains a latent ambiguity.  Parol evidence includes, "a verbal agreement or other extrinsic evidence where such agreement was made before or at the time of the instrument in question."  The parol evidence rule precludes consideration of such evidence "to contradict, vary, defeat, or modify, a complete and unambiguous written instrument, or to change, add to, or subtract from it, or affect its construction." *Duval Motors Co. v. Rogers*, 73 So. 3d 261 (Fla. 1st DCA 2011) citing *J.M Montgomery Roofing Co. v. Fred Howland, Inc.*, 98 So. 2d 484, 486 (Fla. 1957).

The Mortgage Modifications are absolutely clear in that: 1) the Defendants agreed to forever waive, release, and relinquish any and all claims, demands or action against Totalbank which in any

way relate or arise out of the Mortgage, Note, or any other document in connection with the subject loan;[2] 2) the Defendants induced Totalbank to modify the loan;[3] 3) the Defendants represented, warranted, and acknowledged that the Mortgage Modifications and all other loan documents constituted valid and binding obligations of the Borrower and Guarantor [Defendants], enforceable against Borrower and Guarantor [Defendants];[4] and 4) the Defendants intended to be legally bound by the Mortgage Modifications.[5]

There is absolutely no ambiguity in the Mortgage Modifications or what the intent of Defendants was when they executed the Mortgage Modifications.  Therefore, the alleged oral representations that the Defendants make reference to in the Third Party Complaint should not be considered by this Court in any fashion.  Said allegations are clearly parol evidence which cannot be used to circumvent, alter, modify, or rescind the agreed upon terms of the Mortgage Modifications.  The Defendants cannot cure this defect; therefore, the Third Party Complaint should be dismissed with prejudice.

## G.      Rescission is a remedy only when a breach of contract action is not an option.

The remedy of rescission, which Q4 and Q5 seeks in the Third Party Complaint against Totalbank, cannot be granted by this Court.  It is well established that "[c]ancellation or rescission will not be granted for breach of contract in the absence of some independent ground for equitable interference." *Williamson v. Stephens*, 411 So. 2d 286, 287 (Fla. 1st DCA 1982). *See also Central Florida Antenna Service, Inc. v. Crabtree*, 503 So. 2d 1351, 1353 (Fla. 5th DCA 1987) (Rescission should not be granted if damages from breach of contract or warranty are available). Furthermore,

---

[2]      *See,* Third Party Complaint, Composite Ex. A, pg. 2, ¶ 4.

[3]      *See,* Third Party Complaint, Composite Ex. A, pg. 4, ¶ 11

[4]      *See*, Third Party Complaint, Composite Ex. A, pg. 4, ¶ 11(a)

[5]      *See*, Third Party Complaint, Composite Ex. A, pg. 4, paragraph above signatures

courts tend to disfavor the rescission of mortgages. "Rescission or cancellation of a deed and mortgage is a harsh remedy not generally favored by the courts." *Duncan Properties, Inc v. Key Largo Ocean View, Inc.*, 360 So. 2d 471, 473 (Fla. 3d DCA 1978). As it has been discussed above, Totalbank had a contract with Q4 and Q5, as such the proper remedy for these two entities to seek is a breach of contract action.  Irrespective, however, of Q4 and Q5's deficient pleadings, the Mortgage Modifications in dispute were assigned to NE 4th Court.  As such, NE 4th Court is the appropriate party to this suit, not Totalbank.

**H.      Conclusion**

For the subject reasons, this Court should dismiss with prejudice Q4 and Q5's Third Party Complaint against Totalbank.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-mail through the Court's CM/ECF on April 29, 2015.

**PEREZ & RODRIGUEZ, P.A.**
*Attorneys for Third Party Defendant - Totalbank*
95 Merrick Way, Suite 600
Coral Gables, FL 33134
Tel:     (305) 667-9878
Fax:     (305) 667-9657
Service of Pleadings: pleadings@prmiamilaw.com


By:   /s/ JOHANNA CASTELLON VEGA
       **JOHANNA CASTELLON-VEGA**
       Fla. Bar No. 58345
       jcastellon-vega@prmiamilaw.com